UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LANEILL PRINCE, #290953,

        Petitioner,

v.                                          CASE NO. 2:20-CV-11743
                                          HONORABLE PAUL D. BORMAN

KRIS TASKILA,

        Respondent.
_____/

## OPINION AND ORDER DISMISSING CASE

Michigan prisoner Laneill Prince (Petitioner") filed a "Motion for Stay of Proceedings" with the Court, as well as an application to proceed without prepaying fees or costs, but failed to submit either a civil rights complaint or a petition for a writ of habeas corpus as required to institute a civil action in federal court. *See* Fed. R. Civ. P. 3; Rules 2 and 3 of the Rules Governing § 2254 Cases. The Court issued a deficiency order requiring him to submit either a civil rights complaint or a habeas petition within 30 days (ECF No. 8), and subsequently granted him an additional 60 days (until December 27, 2020) to correct the deficiency. (ECF No. 10.)  Petitioner, however, failed to act within the allotted time.

This case must be dismissed.  Petitioner does not clearly indicate whether he seeks to file a federal civil rights action or a federal habeas action.  His "Motion for Stay of Proceedings" is insufficient to state either a civil rights claim or a habeas claim.  It is well-established that a party must file a complaint to institute a civil action in federal court.  The Federal Rules of Civil Procedure provide that "[a] civil action is commenced by filing a complaint with the court."  Fed. R. Civ. P. 3.  Prior to the filing of a complaint, "an action has not 'commenced' within the meaning of the Federal Rules" and the Court lacks subject matter jurisdiction to grant relief against any named defendants.  *Lusick v. City of Philadelphia*, No. 12-cv-5150, 2013 WL 1187064, *2 (E.D. Pa. March 21, 2013); s*ee also Gibson v. Department of Corr.*, No. 5:07-cv-255-RS-EMT, 2007 WL 3170688, *1 (N.D. Fla. Oct. 30, 2007) (a party "cannot commence a civil action by filing a motion"); *Luna v. Ford Motor Co.,* No. 3:06-0658, 2007 WL 837237 *2 (M.D. Tenn. March 14, 2007) ("Prior to the filing of a complaint a court lacks subject matter jurisdiction and is powerless to grant preliminary injunctive relief."); *Illinois Blower, Inc., v. Deltak*, 2004 WL 765187, *2 (N.D. Ill. Apr. 7, 2004) ("jurisdiction does not attach until a complaint is actually filed").

The United States Supreme Court has held that a habeas suit begins with the filing of an application for habeas corpus relief – the equivalent of a complaint in

an ordinary civil case. *Woodford v. Garceau*, 538 U.S. 202, 208 (2003). Habeas petitioners must meet the heightened pleading standards set forth in the Rules Governing Section 2254 Cases. *McFarland v. Scott*, 512 U.S. 849, 855 (1994). Those rules provide, in relevant part, that a habeas petition must:

>  (1) specify all the grounds for relief available to the petitioner;
>
>  (2) state the facts supporting each ground;
>
>  (3) state the relief requested;

Rule 2(c), Rules Governing Section 2254 Cases. Additionally, the petition must "substantially follow either the form appended to [the habeas] rules or a form prescribed by a local district court rule." Rule 2(d), Rules Governing Section 2254 Cases. "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'" *Mayle v. Felix*, 545 U.S. 644, 656 (2005) (citation omitted). The Court has authority to dismiss before service any petition in which it plainly appears that the petitioner is not entitled to relief. Rule 4, Rules Governing Section 2254 Cases.

     Petitioner does not meet the foregoing standards with his current pleadings and he failed to correct the deficiency by submitting either a civil rights complaint or a habeas petition as required by the Court's prior order. The Court is thus

unable to perform its obligations to preliminarily review the case. The Court shall therefore dismiss this case for failure to comply with the Federal Rules of Civil Procedure and the Rules Governing Section 2254 Cases, as well as the Court's prior order.

Accordingly, for the reasons stated, the Court **DISMISSES** this case. This dismissal is without prejudice to Petitioner instituting a new civil action in accordance with the applicable rules and filing requirements. The Court makes no determination as to the merits of his claims. No filing fee is accessed for this case. This case is closed and will not be reopened.

**IT IS SO ORDERED**.

Dated: February 10, 2021                                         s/Paul D. Borman
                                                                                    Paul D. Borman
                                                                                    United States District Judge